**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

STEVEN TAYLOR,

 *Plaintiff,*

 v.

              Civil No. 1:25-cv-02815-JRR

EVERSPAN INDEMNITY INSURANCE
COMPANY, *et al.*,

 *Defendants.*

**MEMORANDUM OPINION**

Pending before the court is Defendant Everspan Indemnity Insurance Company's ("Everspan") Motion to Dismiss at ECF No. 5 (the "Motion"). Plaintiff did not oppose or otherwise respond to the Motion. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motion will be granted.

I. **BACKGROUND[1]**

Plaintiff Steven Taylor initiated this action arising from a motor vehicle accident that occurred on October 21, 2024. On that day, Plaintiff was parked in the parking lot of 7600 Assateague Drive, seemingly in the state of Maryland. (ECF No. 2 ¶¶ 4, 6.) Defendant John Doe ("Defendant Driver") then attempted to make a right turn into the same parking lot and "violently str[uck] the rear of the Plaintiff's vehicle." *Id.* ¶ 7. At the time of the accident, Plaintiff was "unable to move his vehicle in any direction to avoid the collision." *Id.* ¶ 9. Defendant Driver fled the scene following the collision. *Id.* ¶ 8.

---

[1] In ruling on the instant Motion, the court accepts as true all well-pled facts set forth in the Complaint (ECF No. 2). *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

At all relevant times, Plaintiff "was engaged in a contractual relationship with Defendant Everspan," specifically a Commercial Trucking Automobile Liability insurance policy (the "Policy") that provided both general liability and uninsured/underinsured motorist coverage.[2] (ECF No. 2 ¶ 17.)   The Policy, located at ECF No. 5-2,[3] existed between Heavy Motion Transportation LLC (the "Policyholder") and Defendant Everspan for the Policy period of August 14, 2023, through August 14, 2024.  (ECF No. 5-2 at CA DS 21 11 20, p. 1.)   It affords the Policyholder with uninsured motorist insurance coverage for bodily injury.  *Id.* at CA 21 13 03 21. Coverage under the Policy extended to accidents and losses that occurred "[d]uring the policy period."  *Id.* at CA 00 20 11 20 § V(B)(7).  Plaintiff contends that Defendant Everspan had a contractual obligation to cover Plaintiff's damages to the extent Defendant Driver did not have insurance or sufficient insurance to cover his damages, and that Defendant Everspan breached that obligation by failing to reimburse Plaintiff for damages sustained during the accident.  (ECF No. 2 ¶¶ 20–21.)

Plaintiff initiated the instant action in the Circuit Court of Howard County, Maryland, on or about July 21, 2025. (ECF No. 1 ¶ 1.)  Plaintiff brings two counts: Negligence against Defendant Driver (Count I), and Breach of Contract against Defendant Everspan (Count II).[4]  (ECF No. 2 ¶¶ 12–22.)  Defendant Everspan removed this action to this court on the basis of diversity jurisdiction on August 27, 2025.  (ECF No. 1.)  Shortly thereafter, it filed the instant Motion.  (ECF No. 5.) As mentioned, Plaintiff did not respond to or oppose the Motion.

---

[2] Defendant Everspan makes brief reference that it "is not the proper insurer-defendant" to this action and that Plaintiff's allegations do not plausibly allege he was "occupying" a covered "auto" under the Policy.  (ECF No. 5-1 at pp. 7, 8 n.2.)  It advances no argument on these points; the court therefore constraints its analysis accordingly.
[3] Defendant Everspan subsequently filed a supplemental certified copy of the Policy at ECF No. 7-1.
[4] Plaintiff's Complaint appears to erroneously identify both counts as "Count I."  (ECF No. 2 at pp. 2–3.)

## II.   LEGAL STANDRD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570).  The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)).  Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court generally does not consider evidence outside of a complaint.  The court may, however, properly consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021).  "An integral document is

3

a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).  Though not attached to the Complaint, the Policy, as the underlying contract at issue in this dispute, is integral to the Complaint.  *See McMillan v. Kansas City Life Ins. Co.*, 762 F. Supp. 3d 443, 450 n.2 (D. Md. 2025) (noting that "contracts, like the [insurance] policy at issue here, are integral to complaints alleging breach of contract claims"); *ThinkFood Grp. LLC v. Travelers Prop. Cas. Co. of Am.*, No. 8:20-CV-02201-PWG, 2021 WL 4478725, at *2 (D. Md. Sept. 30, 2021) (noting that, in a case arising from alleged breach of an insurance policy, that "[t]he insurance policy is integral to the complaint").  As Plaintiff does not dispute its authenticity, the court will consider the Policy in ruling on the instant Motion.

III.   **ANALYSIS**

Defendant Everspan argues that Plaintiff fails to state a plausible breach of contract claim against it because, under the Policy, it did not have a contractual obligation to reimburse Plaintiff for the alleged damages.  (ECF No. 5-1 at pp. 7–8.)  "Maryland law is well settled that 'the interpretation of an insurance policy is governed by the same principles generally applicable to the construction of other contracts.'"[5] *Bethany Boardwalk Grp. LLC v. Everest Sec. Ins. Co.*, 611 F. Supp. 3d 41, 50–51 (D. Md. 2020) (quoting *Mitchell v. AARP*, 140 Md. App. 102, 116 (2001)); *see Matter of Featherfall Restoration, LLC*, 491 Md. 586, 596 (2025) (recognizing same).

---

[5] "A federal court sitting in diversity is required to apply the substantive law of the forum state . . . ." *Francis v. Allstate Ins.*, 709 F.3d 362, 369 (4th Cir. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)). Based on review of the Policy and on the information related to the Policyholder, it appears Maryland law governs Plaintiff's breach of contract claim in this case.  *See Brownlee v. Liberty Mut. Fire Ins. Co.*, 456 Md. 579, 585 (2017) (noting that "Maryland has long recognized the doctrine of *lex loci contractus*" that "requires that, when determining the construction, validity, enforceability, or interpretation of a contract, we apply the law of the jurisdiction where the contract was made" (citation omitted)); *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 100 (4th Cir. 2013) (noting, in the insurance contract dispute context, this is typically "where the policy is delivered and the premiums are paid").

"Generally, Maryland courts subscribe to the objective theory of contract interpretation." *Credible Behav. Health, Inc. v. Johnson*, 466 Md. 380, 393 (2019). Thus, courts consider insurance policies "based on what a reasonable person in the position of the parties would have understood the language to mean and not the subjective intent of the parties at the time of formation." *Featherfall*, 491 Md. at 596–97 (2025) (quoting *Credible Behav. Health*, 466 Md. at 393). Consideration turns on the "ordinary and accepted meaning" of the policy language. *Credible Behav. Health, Inc.*, 466 Md. at 394 (quoting *Ocean Petroleum, Co. v. Yanek*, 416 Md. 74, 88 (2010)); *see Brown Goldstein Levy LLP v. Fed. Ins. Co.*, 68 F.4th 169, 174 (4th Cir. 2023) (noting same). "Clear and unambiguous language . . . must be enforced as written and may not yield to what the parties later say they meant." *W.C. & A.N. Miller Dev. Co. v. Cont'l Cas. Co.*, 814 F.3d 171, 176 (4th Cir. 2016) (citation omitted).

At issue here, the elements of a breach of contract claim in Maryland are "contractual obligation, breach, and damages." *Parkway 1046, LLC v. U. S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 198 Md. App. 337, 345 (2011), *aff'd*, 426 Md. 185 (2012)). Plaintiff's breach of contract claim fails on the first element because, based on his allegations and the Policy at issue, Defendant Everspan did not owe Plaintiff any contractual obligation. By the plain meaning of the Policy's terms, Defendant Everspan is not legally obligated to pay for damages that occurred outside of the Policy period. (ECF No. 5-2 at CA DS 21 11 20, p. 1, CA 00 20 11 20 § V(B)(7)). This fact is "fatal" to Plaintiff's claim that Defendant Everspan breached its Policy in failing to provide coverage for his damages that occurred outside the Policy period. *Cf. Pennsylvania Nat. Mut. Cas. Ins. Co. v. Roberts*, 668 F.3d 106, 112 (4th Cir. 2012) (regarding indemnity but noting "[b]y its own terms, the contract does not cover damages Attsgood became legally obligated to pay for injuries that occurred outside of the policy

5

period" and that "[t]hat fact is fatal to Roberts's claim that Penn National should be held liable for injuries that began before and continued after its period of coverage"); *W.C. & A.N. Miller Dev. Co. v. Cont'l Cas. Co.*, 814 F.3d 171, 178 (4th Cir. 2016) (finding the district court correctly determined that, where the relevant date was outside the policy period, the insurer properly denied coverage pursuant to the terms of the policy).

Based on the foregoing, and in the absence of any argument to the contrary from Plaintiff, the court will grant the Motion and dismiss Plaintiff's breach of contract claim (Count II) as against Defendant Everspan.

Accordingly, Plaintiff's sole remaining count is one of negligence against Defendant Driver. With the dismissal of Plaintiff's claim against Defendant Everspan, there are no remaining claims over which this court has original jurisdiction. Indeed, while Defendant John Doe's citizenship is disregarded for the purposes of removal, *see* 28 U.S.C. § 1441(b)(2), there are no allegations in Plaintiff's Complaint to support that Defendant John Doe's citizenship is diverse from Plaintiff's citizenship in order to provide a basis for this court's original jurisdiction. *See* 28 U.S.C. § 1332. *See also, e.g.*, *Studco Bldg. Sys. U.S., LLC v. 1st Advantage Fed. Credit Union*, 509 F. Supp. 3d 560, 567 (E.D. Va. 2020) (explaining that "to allege diversity jurisdiction properly in a John Doe case, the plaintiff must offer 'some affirmative evidence pointing toward [John Doe's] citizenship'") (quoting *Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979)); *Ancient Egyptian Arabic Ord. Nobles Mystic Shrine of N. & S. Am. & its Jurisdiction, Inc. v. Most Worshipful Prince Hall Grand Lodge of Virginia, Free & Accepted Masons, Inc.*, No. CIV. A. 3:09CV521, 2009 WL 4068454, at *3 (E.D. Va. Nov. 19, 2009) (noting that, where "the plaintiffs have not affirmatively alleged the citizenship of the Jane Doe defendants, they have not adequately alleged diversity jurisdiction").

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." "[A]lthough supplemental jurisdiction persists" after that point, "the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025).

The Fourth Circuit's decision in *Shanaghan v. Cahill* provides instruction on whether to exercise supplemental jurisdiction:

> The statute then goes on to provide that courts "may decline" to exercise supplemental jurisdiction in certain circumstances. 28 U.S.C. § 1367(c). In particular, a court has discretion to dismiss or keep a case when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Recent case law has emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. *See, e.g., Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Growth Horizons, Inc. v. Delaware Cty.*, 983 F.2d 1277, 1284 (3d Cir. 1993). The doctrine of supplemental jurisdiction "thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Cohill*, 484 U.S. at 350.

58 F.3d 106, 110 (4th Cir. 1995). "[A] remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).

The court declines to exercise supplemental jurisdiction over the remaining state law claim against Defendant Driver where there are no allegations to support diversity of citizenship. The case is in its infancy—no scheduling order has been issued; no discovery has occurred. *See*

*Tolliver v. Tandium Corp.*, No. CV ELH-21-1441, 2022 WL 80587 (D. Md. Jan. 7, 2022) (finding remand appropriate where the case "has not progressed in this [c]ourt beyond very preliminary motion practice, without any consideration on the merits") (citing *Carnegie-Mellon*, 484 U.S. at 350 n.7). Moreover, Plaintiff's remaining claim arises under Maryland law, "which Maryland courts are 'obviously well equipped' to address." *Montgomery v. Freedom Mortg. Corp.*, No. CV GLS-21-02643, 2022 WL 3139638, at *8 (D. Md. Aug. 5, 2022) (quoting *Tolliver*, 2022 WL 80587, at *4). Where only a state law claim remains, and no diverse party is asserted, remand is appropriate because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see Montgomery*, 2022 WL 3139638, at *8 (remanding case "where only state law claims remain because '[n]eedless decisions of state law should be avoided'") (citing *Gibbs*, 383 U.S. at 726).

## IV.    **CONCLUSION**

Accordingly, for the reasons set forth herein, by separate order, Defendant Everspan's Motion (ECF No. 5) will be granted, Count II will be dismissed,[6] and the balance of this case will be remanded to the Circuit Court for Howard County, Maryland.


May 28, 2026                                                    /S/

                                                               _____
                                                               Julie R. Rubin
                                                               United States District Judge

---

[6] Defendant Everspan seeks dismissal with prejudice. The court declines to dismiss this action as against Defendant Everspan with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").